UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DAVID JAY WHEELER, <br><br> Defendant. | Case No. 4:13-cr-00004-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Before the Court is Defendant David Wheeler's Motion for Early Termination of Supervised Release (Dkt. 33). For the reasons explained below, the Court will deny the motion.

### BACKGROUND

In January 2013, David Wheeler pleaded guilty to one count of access with intent to view and possession of sexually explicit images of minors. Mr. Wheeler was sentenced to 96 months' imprisonment followed by ten years' supervised release. Mr. Wheeler began his term of supervised release in February 2020 and, as of this writing, has completed approximately three and a half years of this term. His ten-year period of supervision will terminate on February 6, 2030. The

MEMORANDUM DECISION AND ORDER - 1

government opposes Mr. Wheeler's motion for early termination of supervision. Mr. Wheeler's probation officer has remained neutral regarding the request.

## LEGAL STANDARD

The Court has broad discretion to impose terms of supervised release. *See* 18 U.S.C. § 3583(e)(1); *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). This includes the discretion to terminate supervision after Defendant has served one year of their supervised release. 18 U.S.C. § 3583(e)(1). In deciding whether to grant a motion for early termination, courts must review several sentencing factors, which include:

- (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

- (2) deterrence;

- (3) protection of the public;

- (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation;

- (5) the sentence and sentencing range established for the category of defendant;

- (6) any pertinent policy statement by the Sentencing Commission;

- (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

- (8) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. §§ 3583(e)(1) & 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).[1] If, after considering these factors, the court is satisfied that early termination is "warranted by the conduct of the defendant released and the interest of justice," the court may grant the motion. The Ninth Circuit has specifically rejected "the proposition that early termination is reserved for cases of exceptionally good behavior," holding that a district court may not require exceptional behavior as a predicate for early termination. *See United States v. Ponce,* 22 F.4th 1045, 1047 (9th Cir. 2022). In deciding early termination motions, courts must provide an explanation based on consideration of the factors outlined above, but they need not elaborate unnecessarily. *Emmett*, 749 F.3d 817, at 821-22.

## ANALYSIS

While Mr. Wheeler has completed more than the requisite year of supervision and incurred no violations, the Court is not persuaded that early termination is warranted at this time.

Mr. Wheeler argues that early termination is warranted due to his advanced age, declining health, and compliance with supervision thus far. He is eighty years

---

[1] Congress specifically left out from consideration the need "to reflect the seriousness of the offense, to promote respect for the law, [or] to provide just punishment for the offense." 18 U.S.C. §§ 3553(a)(2)(A), 3583(e).

old and suffers from degenerating disks in his back, which have required several surgeries since he began supervision. *Motion* at 3, Dkt. 33. He also sustained injuries to his collarbone and ribs after a recent fall. *Id*. As a result of the fall and his poor health, Mr. Wheeler cannot leave his residence without assistance. *Id*. Further, he is no longer subject to polygraph testing due to his age, health, and the opiate pain management necessitated by his condition. *See Petition on Supervised Release and Order* at 1, Dkt. 30. Despite the challenges his age and health present, Mr. Wheeler "has been very careful to abide by all conditions" of supervision. *Motion* at 4, Dkt. 33

The Court is sympathetic to Mr. Wheeler's ongoing health struggles and commends his compliance with the terms of supervision. Nonetheless, after having considered each of the factors outlined above, the Court is not persuaded that early termination is warranted.

Before discussing certain of the § 3553(a) factors, the Court will respond to Mr. Wheeler's concern regarding the impact of supervision on his health. He contends that early termination would "improve the quality of his life, and perhaps lengthen the remaining duration." *Motion* at 4, Dkt. 33. He elaborates that supervision prevents him from moving closer to family in Oregon and receiving their care. *Id*. The Court recognizes Mr. Wheeler's desire to be closer to family at this point in this life, but doesn't believe early termination of supervision is the

appropriate action, particularly as Mr. Wheeler has not explained why he couldn't seek to be supervised in the District of Oregon. This would enable him to continue supervision near the comfort of family.

The Court also finds that the relevant § 3553(a) factors counsel against early termination. Among the Court's greatest concern are the nature and circumstances of the offense. This case began when the Boise Police Department located an IP address that was downloading thousands of files containing child pornography. *Apr. 2, 2023 Presentence Investigation Report (PSR),* at 3. With the FBI's assistance, police traced the IP address to Mr. Wheeler's residence. *Id*. During a search of this residence, investigators found child pornography files actively downloading from a file-sharing program. *Id*. at 4. A forensic analysis of Mr. Wheeler's computer revealed nearly 200 images of suspected child pornography, depicting female children ranging from one to eight years old. *Id*. at 5.

Mr. Wheeler's history and characteristics are also concerning. During questioning, Mr. Wheeler admitted to once fondling his daughter's vagina when she was around eight years old. *PSR,* at 4. He later confessed that he had inappropriately touched his daughter on approximately twelve occasions. *Id*. at 5. Mr. Wheeler's daughter told investigators these incidents occurred at night when her father believed she was sleeping and happened so often she became afraid to go to sleep. *Id*. Mr. Wheeler also divulged to investigators that he had previously

experienced "lingering" urges when his grandchildren sat on his lap. *Id*.

Consideration of these § 3553(a) factors strongly counsel against early termination, particularly when Mr. Wheeler has completed less than four years of his ten-year supervision term. While Mr. Wheeler argues that he "is not a threat to anyone in his family or in the community," *Motion* at 4, Dkt. 33, the Court shares the government's belief that Mr. Wheeler's age and declining health to not eliminate his ability to access the internet and exploit children.

For these reasons, the Court will deny the motion. Again, the Court praises Mr. Wheeler's behavior on supervision and is sympathetic to his ongoing health problems but does not believe his age, health, and compliance with supervision warrant early termination at this time. The Court does recognize Mr. Wheeler's desire to move closer to family in Oregon, and feels the most appropriate action is to seek transfer of supervision rather than early termination.

## ORDER

**IT IS ORDERED that** Defendant David Wheeler's Motion for Early Termination of Supervision (Dkt. 33) is **DENIED.**

DATED: July 18, 2023

B. Lynn Winmill
U.S. District Court Judge